UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MITCHELL LEE WALCK,<br><br>        Plaintiff,<br><br>v.<br><br>CENTURION HEALTH CARE; P.T. ELLEN WESTBERG; N.P. BARRAZA; DR. REBEKAH HAGGARD; DIRECTOR BREE DERRICK; WARDEN NICK BAIRD; and CHIEF OF PRISONS CHAD PAGE,<br><br>        Defendants. | Case No. 1:26-cv-00003-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Mitchell Lee Walck's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1.      **Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## 2.     Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"). Plaintiff claims he was denied adequate medical treatment in violation of the Eighth Amendment. *Compl.*, Dkt. 3, at 2.

From March 2024 to December 2025, Plaintiff went through a prison physical

therapy program, which included the use of Dynasplints, for a "ligament-tendon ailment" in his knees. *Id*. Plaintiff alleges that the physical therapist, Defendant Ellen Westberg, was "not qualified" and did not know "how to use the weekly measuring device." *Id*. Westberg also allegedly "refused to adhere to the Dynasplint program." *Id*. at 4.

In March 2025, Defendant Nurse Practitioner Barraza informed Plaintiff that he was scheduled for Botox injections to treat his ligament and tendon issues. *Id*. at 5. Such injections had not been previously discussed with Plaintiff, and Plaintiff objected to the "toxic chemical laced Bo-tox" as a treatment option. *Id*. Plaintiff contends that his primary medical provider, Defendant Dr. Haggard, also had not previously discussed injections with him. *Id*. at 8. Plaintiff does not allege that he was subjected to any such treatment without his consent.

Plaintiff sues Westberg, Barraza, and Haggard, as well as Centurion—the private company providing Idaho inmates with medical treatment under contract with the IDOC. Plaintiff also names as Defendants various prison officials. Plaintiff seeks monetary damages. *Id*. at 2 (requesting "[A]strological American money").

**3.     Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

### A.     Standards of Law Applicable to Plaintiff's Claims

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. *Compl*. at 1. To state a plausible civil rights claim, a plaintiff must allege a violation of rights

protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, prison officials and prison medical providers generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional

deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

To bring a § 1983 claim against a local governmental entity or a private entity performing a government function, such as Centurion, a plaintiff must allege that the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). *See also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to private entities performing a government function). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

The Eighth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, protects prisoners against cruel and unusual punishment and guarantees prisoners the right to minimally adequate conditions of confinement. To state a claim under the Eighth Amendment, a prisoner must plausibly allege that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). The Eighth Amendment includes the right to adequate medical treatment in prison. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

Regarding the objective standard for prisoners' medical care claims, "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*. The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

> further significant injury or the unnecessary and wanton infliction of pain[;] ... [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain ....

*McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

As to the subjective standard, "deliberate indifference entails something more than mere negligence, … [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official or prison medical provider acts with deliberate indifference "only if the [prison official or provider] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal quotation marks omitted), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837). In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05 (footnotes omitted).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

Medical malpractice or negligence does not support a claim under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam). Additionally, there is no constitutional right to an outside medical provider of one's own choice. *See Roberts v. Spalding,* 783 F.2d 867, 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution.").

"If a [prison official or prison medical provider] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188. Moreover, even prison officials or medical providers who *did* know of a substantial risk to an inmate's health will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. If medical personnel have been "consistently responsive to [the inmate's] medical needs," and the plaintiff has not shown that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," there has been no Eighth Amendment violation. *Toguchi*, 391 F.3d at 1061.

"There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks omitted). Accordingly, mere differences in judgment as to appropriate medical diagnosis and treatment between an inmate and prison medical providers—or, for that matter, between medical providers—are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

"[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi*, 391 F.3d at 1058 (alteration omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Stated another way, a plaintiff must prove that medical providers chose one treatment over the plaintiff's preferred treatment "even though they knew [the plaintiff's preferred treatment] to be medically necessary based on [the plaintiff's] records and prevailing medical standards." *Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1117 (N.D. Cal. 2015). To violate the Eighth Amendment, the choice of treatment must have been "so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 989 (7th Cir. 1998); *see also Lamb v. Norwood*, 899 F.3d 1159, 1162 (10th Cir. 2018) ("[P]rison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants.").

Non-medical prison personnel generally are entitled to rely on the opinions of medical professionals with respect to the medical treatment of an inmate. However, if "a reasonable person would likely determine [the medical treatment] to be inferior," the fact that an official is not medically trained will not shield that official from liability for deliberate indifference. *Snow*, 681 F.3d at 986 (internal quotation marks omitted); *see also McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013) (stating that non-medical personnel may rely on medical opinions of health care professionals unless "they have a reason to

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner") (internal quotation marks omitted).

### B.      The Complaint Fails to State a Plausible Eighth Amendment Claim

With respect to Plaintiff's claims against the individual medical provider Defendants, the Complaint plausibly alleges—at most—that these Defendants might have been negligent in their physical therapy and Botox treatment. The allegations simply do not support a reasonable inference that Plaintiff's medical providers knew of a substantial risk of serious harm and yet deliberately disregarded that risk. *See Gibson*, 290 F.3d at 1187. Accordingly, these claims are implausible.

Plaintiff has also failed to state a claim for relief against Centurion. The Complaint contains no allegations plausibly suggesting that Centurion had a policy, custom, or practice of rendering inadequate physical therapy or Botox treatment. Instead, the "obvious alternative explanation," *see Iqbal*, 556 U.S. at 682, is that Plaintiff's individual medical providers exercised their independent medical judgment in deciding on the appropriate treatment for Plaintiff.

Finally, Plaintiff's claims against prison officials are implausible because the Complaint does not allege that these Defendants personally participated in the allegedly inadequate medical treatment or that they knew the treatment was inadequate yet failed to intervene. As nonmedical prison staff, they were entitled to rely on the medical judgment of health care providers. *See Snow*, 681 F.3d at 986; *McGee*, 721 F.3d at 483.

### 4.      Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the

actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of an Eighth Amendment claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing Plaintiff can meet the *Monell* requirements, if applicable, as explained above.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint.

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 13

3.  Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: July 6, 2026

David C. Nye
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 14